## UNITED STATES v. CAFE TRAYMORE, Inc., et al.

United States District Court
S. D. New York.
June 8, 1950.

Irving H. Saypol, U. S. Atty., New York City, by Clarke S. Ryan, Asst. U. S. Atty., New York City, of counsel.

Scribner & Miller, New York City, for defendants Cafe Traymore, Inc., and Samuel Rosenberg, by William A. Sands, Jr., Joseph J. Stern and Robert J. Sands, all of New York City.

GODDARD, District Judge.

Motion for a bill of particulars by all three defendants.

The indictment contains three counts charging evasion of taxes in violation of U.S.C.A., Title 26, § 145(b).

The first count alleges that the defendants wilfully attempted to defeat and evade taxes due the United States by filing or causing to be filed a false and fraudulent corporation income and declared value excess profits tax return for Cafe Traymore, Inc. for the calendar year ending December 31, 1944. It then sets forth what it alleges to be the correct net income for the defendant corporation, derived as follows:

Unreported cash receipts....... $32,427.00
Less:
  Net loss per return.. $499.90
  Additional deduc-
    tions ........... 2831.72   3,331.62

    Correct Net income... $29,095.38

The items "Unreported cash receipts" and "additional deductions" may be too indefinite to allow defendants to properly prepare their defense.

Count Two of the indictment charges that defendant Samuel Rosenberg wilfully attempted to defeat and evade a large part of income tax due the United States by filing a false and fraudulent income tax return for the calendar year 1944. It then alleges that his true income for that year was $14,141.95, derived as follows:

Net income per return......... $6,862.37
Unreported dividends and inter-
  est ....................... 7,351.62
Less:
  Additional deduction......... (72.04)

    Net income ........... $14,141.95

Count Three charges that defendant Joseph Rosenberg filed a false and fraudulent income tax return for the calendar year 1944. It then alleges that his true net income for that year was $5,348.67, derived as follows:

Net income per return.......... $3,317.31
Unreported dividends and inter-
  est ....................... 1,934.63
Disallowed deduction .......... 96.73

    Correct net income........ $5,348.67

The items "Unreported dividends and interest", "Additional deduction", and "Disallowed deduction" may be too indefinite to

allow defendants properly to prepare their defense on these counts.

The government shall furnish defendants with a bill of particulars as to Count One stating generally the source or sources of the "Unreported cash receipts", the general nature of the deductions allowed in the item "Additional deductions", and the name of the person or persons who signed the alleged fraudulent return on behalf of the defendant corporation. The bill should also state the general source or sources of the "Unreported dividends and interest" referred to in both Counts Two and Three, the general nature of the item "Additional deduction" referred to in Count Two, and the general nature of the item "Disallowed deduction" referred to in Count Three.

In other respects the motion for bill of particulars is denied.

Settle order on notice.